17804.   DUGGER v. CENTRAL OF GEORGIA RAILWAY CO.

"A railroad company is not liable for damages resulting from an assault and battery inflicted by its station agent . . .   upon a third person, when it appears that the difficulty which gave rise to the beating arose out of a personal quarrel, and that the agent, so far as related to his participation therein, was acting upon his individual responsibility and not within the scope of the business of his agency as an employee of the company." *Lynch* v. *Florida Central &c. R. Co.*, 113 Ga. 1105 (39 S. E. 411, 54 L. R. A. 810).

DECIDED MAY 11, 1927.

Action for damages; from city court of Springfield — Judge Shearouse.   November 8, 1926.

*Oliver & Oliver,* for plaintiff.

*H. Wiley Johnson,* for defendant.

JENKINS, P. J.   Plaintiff sued the railway company for an alleged assault upon him by a station agent.   The petition alleged that the agent "was acting within the scope of his employment when said tort was committed upon the person of petitioner," but the plaintiff's proof showed that such was not the case, and that the cause of the difficulty related to a controversy which had oc-

Master and Servant, 39 C. J. p. 1307, n. 15.

curred on the preceding day and on several other days prior to the day of the difficulty relating to the failure of the agent to keep the waiting-room open prior to the agent's arrival at the station. It appears from the record that the agent had on previous occasions notified the plaintiff that the waiting-room was kept closed prior to the agent's arrival at the station in accordance with instructions from his superior officers, and it is plainly inferable from the plaintiff's testimony that the plaintiff had threatened to make complaint to such higher officials. It appears, however, that instead of doing so he proceeded on the day of the difficulty to approach the agent at his place of business in order to complain again or upbraid him for his real or supposed breach of duty. Since it appears that the real purpose of the person assaulted in approaching the agent at his place of business was not to attend to any sort of legitimate business with the agent in his representative capacity, but was solely to renew what had become a mere personal quarrel between the plaintiff and the agent, the plaintiff being under notice that the agent was acting according to his instructions, the railroad company had no concern in what passed between them, and the judge did not err in granting a nonsuit. Civil Code (1910), § 4413; *Georgia Railroad &c. Co.* v. *Richmond,* 98 *Ga.* 495 (2) (25 S. E. 565).

> *Judgment affirmed.* *Stephens and Bell, JJ., concur.*