### 22974. WHITE *v.* AMERICAN SECURITY COMPANY.

DECIDED JANUARY 31, 1934.

*Walter A. Sims, Joseph E. Berman,* for plaintiff.

*John M. Slaton,* for defendant.

JENKINS, P. J.   1.   Allegations in the petition as amended that the defendant caused its agent and employee to come to the plaintiff's home to demand and collect payment of an indebtedness due on a chattel mortgage, that she was required, under the agent's statements, to go to the office of the defendant to see its officers and agents about the indebtedness, and that while on this mission in an automobile, about half a block from the office, "petitioner went to step out of said car on the curb, being the south side of Alabama street, and as she put her left foot on the running board of said car, said agent of said defendant corporation suddenly and vigorously slammed the door of said car, striking petitioner on her left knee, severely wrenching and bruising said knee, causing a fluid to form and said knee to swell," and describing her injuries, coupled with a further allegation referring to "said injuries" as "caused by the negligence of said defendant corporation, by and through its agent and employee," were sufficient to withstand the general demurrer to the petition as not stating a cause of action.   The defendant's special demurrer did not attack the general averments of negligence, so as to require more particular allegations as to such negligence.   Nor did the special demurrer question the sufficiency of the pleading as to agency, except the statement in paragraph 10 that the condition of the plaintiff was caused by the treatment of said agent, "who, at all times mentioned in this petition, [was] acting within the scope of [his] employment and in the prosecution of said defendant's business," which is attacked "on the ground that said allegations are conclusions and not statements of fact, and on the further ground that said allegations show on their face that said manager and said agent were not acting within the scope of their employment."   There were other general allegations of agency, as stated, and the business on which the agent was alleged to have been acting was also described.   "Where agency is alleged, a general allegation is sufficient, without averring that the agent had authority to act in the premises."   2 C. J. 906; *Atlanta Steel Co.* v. *Mynahan,* 138 *Ga.* 668 (8) (75 S. E. 980).   The allegations as to agency as made in other paragraphs of the petition

were good as against the general demurrer; and the statements of paragraph 10, as amplified in the rest of the petition by a description of the business and actions of the alleged agent for his principal, were not mere conclusions of the pleader unsupported by allegations of fact. *Savannah Electric Co.* v. *McCants,* 130 *Ga.* 741 (2) (61 S. E. 713).

2. The original petition contained in one count allegations appropriate to an action for false imprisonment, malicious arrest, assault, and personal injuries through negligence, and in that form was subject to the attack of the demurrer for duplicity and misjoinder of causes of action. But as amended, the averments essential to actions other than for negligence were stricken or modified so as to leave in the petition only facts, conclusions therefrom, and elements of damage proper to a suit for damages from negligence. There was left no charge of false imprisonment or malicious prosecution or assault, but the unstricken allegations which remained show only an apprehension and threats of false imprisonment or malicious arrest at some future time. Other statements in the amendment, as to the indebtedness of the plaintiff to the defendant, the demand for payment by its alleged agent, and the acts of the alleged agent before the injury in the automobile by the slamming of the door against the plaintiff's knee, while appropriate to an action for malicious arrest or false imprisonment, are not wholly inappropriate and irrelevant to this action, but may be taken as inducement and explanatory of the general charge that the acts of the agent were done in the "scope of employment" and the "prosecution of said defendant's business," to which the defendant specially demurred because of such general charge. Such statements may also be taken as inducement and explanatory of why the plaintiff at the time of the injury was in the car of the alleged agent, and to show the relationship of the defendant to the cause of the injury.

3. The petition as amended is not subject to any of the grounds of special demurrer, relating to meagerness in certain allegations; but even if it had been, being good as against a general demurrer, it would have been error to dismiss the entire amended petition, as the judgment did, without first affording the plaintiff an opportunity to amend in the particulars in which she was delinquent. *Griffeth* v. *Wilmore,* 46 *Ga. App.* 96 (166 S. E. 673); *Donnelly*

*Co.* v. *Milligan,* 37 *Ga. App.* 530, 531 (2) (140 S. E. 918); *Mc-Swain* v. *Edge,* 6 *Ga. App.* 9 (2) 11 (64 S. E. 116). See also *Lamar, Taylor & Riley Drug Co.* v. *First Nat. Bank,* 127 *Ga.* 448 (4), 452 (56 S. E. 486); *Ripley* v. *Eady,* 106 *Ga.* 422 (2), 424 (32 S. E. 343); *Brown* v. *Mayor &c. of Milledgeville,* 20 *Ga. App.* 392 (4) (93 S. E. 25); *Kalmon* v. *Scarboro,* 11 *Ga. App.* 547 (75 S. E. 846); *Wrightsville &c. Co.* v. *Vaughan,* 9 *Ga. App.* 371 (2) (71 S. E. 691). As the dismissal of the petition was erroneous both as to the general and the special grounds of the demurrer to the petition as amended, the judgment must be reversed in its entirety. The contention of the defendant that the allegations are confusing in "squinting at false imprisonment" should not mislead the jury, under proper instructions of the court, if the plaintiff shall make out a case based upon a tort by personal injuries due to the negligence of an authorized agent of the defendant.

*Judgment reversed. Stephens and Sutton, JJ., concur.*