## 24033. FORD v. MITCHELL.

STEPHENS, J. 1. It is not essential to the liability of a master for the wilful and intentional tort of a servant that the servant shall have acted at the command of the master or with the master's consent. The master is liable if a tort is committed by the servant in the course of the servant's employment while the servant is acting within the scope of his authority and in the prosecution of the master's business. *Columbus Railroad Co.* v. *Woolfolk*, 128 *Ga.* 631 (3) (58 S. E. 152, 10 L. R. A. (N. S.) 1136, 119 Am. St. R. 404); *Savannah Electric Co.* v. *McCants*, 130 *Ga.* 741, 747 (61 S. E. 713); *White* v. *American Security Co.*, 48 *Ga. App.* 370 (172 S. E. 853); *Gomez* v. *Great Atlantic & Pacific Tea Co.*, 48 *Ga. App.* 398 (172 S. E. 750).

2. A tort committed by a servant while engaged in the master's business is not necessarily a tort committed in the course of his employment and in the prosecution of the master's business. In a suit against the master by one who has been injured by an alleged tortious act of the defendant's servant, where it is alleged in the petition as amended that the plaintiff was injured by having been intentionally and wilfully shot with a pistol by the defendant's servant while the servant was in the employment of the defendant and in the prosecution of the defendant's business and while acting within the scope of the authority given him by the defendant, but where it is alleged that the servant was at the time and place employed by the defendant as a watchman or woodsman, and was so engaged in behalf of the defendant, and as such carried a pistol and patrolled the property of the defendant for the purpose of keeping persons off the land of the defendant, thus expressly limiting the duties for which the servant was employed to the duties indicated, and that the servant, while engaged in the duties of his employment, shot the plaintiff, and where it does not appear from the allegations in the petition that the servant at the time when the plaintiff was shot was engaged in keeping the plaintiff off the lands of the defendant, it does not appear from the allegations of the petition that the servant, in shooting the plaintiff, was acting in the course of his employment and in the prosecution of his master's business.

3. The ground of special demurrer, that the allegation in the petition that the plaintiff at the time he was shot by the defendant's servant as alleged was earning $2 a day, was a mere conclusion of the pleader, without any allegations to show the nature and the place of the plaintiff's employment, was fully met by an amendment which specifically described the nature of the plaintiff's employment and alleged that he was employed upon the farm of his father as a laborer.

4. The allegation that the defendant's alleged agent was convicted of the offense of shooting at the plaintiff was immaterial and irrelevant, and the court erred in not striking it on special demurrer.

5. Except as above indicated, none of the grounds of demurrer were meritorious.

6. The petition failed to set out a cause of action and the court erred in overruling the demurrer.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 20, 1935.

*George H. Richter,* for plaintiff in error.
*J. P. Dukes, Deal & Drexel,* contra.