42918. JONES v. DIXIE OHIO EXPRESS, INC. et al.

ARGUED JULY 5, 1967—DECIDED JULY 11, 1967.

*Garland & Garland, Edward T. M. Garland,* for appellant.
*Nall, Miller, Cadenhead & Dennis, Thomas S. Carlock, Dennis J. Webb,* for appellees.

EBERHARDT, Judge. 1. "A master is liable for the wilful torts of his servant, committed in the course of the servant's employment, just as though the master had himself committed them. This rule applies as well where the master is a corporation as where he is a private individual." *Central of Ga. R. Co. v. Brown,* 113 Ga. 414, 416, 417 (38 SE 989, 84 ASR 250). But "if a servant steps aside from his master's business, for however short a time, to do an act entirely disconnected from it, and injury results to another from such independent voluntary act, the servant may be liable, but the master is not liable." *Savannah Electric Co. v. Hodges,* 6 Ga. App. 470, 471 (65 SE 322).

A general averment that the servant was acting in the prosecution of his master's business when the tort was committed, or in the commission thereof, is sufficient as against a general demurrer to state a cause of action. *Savannah Electric Co. v. McCants,* 130 Ga. 741 (2) (61 SE 713); *White v. American Security Co.,* 48 Ga. App. 370, 371 (172 SE 853); *Jump v. Anderson,* 58 Ga. App. 126, 127 (197 SE 644); *Brown v. Union Bus Co.,* 61 Ga. App. 496 (6 SE2d 388); *Gilbert v. Progressive Life Ins. Co.,* 79 Ga. App. 219 (53 SE2d 494).

The allegations of this petition, though skimpy, are sufficient in their present form to withstand a general demurrer. There are special demurrers, which, when ruled on, may place the matter in a different light. "A tort committed by a servant while engaged in the master's business is not necessarily a tort committed in the course of his employment and in the prosecution of the master's business." *Ford v. Mitchell,* 50 Ga. App. 617 (179 SE 215). "The test is not that the act of the servant was done during the existence of the employment—that is to say, during the time covered by the employment—but whether

it was done in the prosecution of the master's business; whether the servant was at that time engaged in serving his master." *Louisville & N. R. Co. v. Hudson,* 10 Ga. App. 169, 172 (73 SE 30). And see *Prince v. Brickell,* 87 Ga. App. 697, 700 (75 SE2d 288); *Fielder v. Davidson,* 139 Ga. 509, 511 (3) (77 SE 618); *Planters Cotton-Oil Co. v. Baker,* 181 Ga. 161 (181 SE 671).

There are no specific allegations as the petition now stands which plainly and distinctively negative as a fact the general charge that the acts complained of were committed in the prosecution of the master's business, as was true in *Daniel v. Excelsior Auto Co.,* 31 Ga. App. 621, 624 (2) (121 SE 692). Whether that may appear when the special demurrers are ruled upon and amendments are made to the petition alleging the facts which demonstrate that the servant had stepped aside from the master's business to commit the assault, as was true in *Savannah Electric Co. v. Hodges,* 6 Ga. App. 470, supra, *Daniel v. Excelsior Auto Co.,* 31 Ga. App. 621, supra, *Atlanta Baseball Co. v. Lawrence,* 38 Ga. App. 497 (144 SE 351), and *Heath v. Atlanta Beer Distributing Co.,* 56 Ga. App. 494 (193 SE 73), must await another day.

Included in the petition are certain allegations of negligence, though a suit for an assault and battery is not a negligence action. Demurrers to these likewise have not been ruled upon.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*