56930. JONES v. RESERVE INSURANCE COMPANY et al.

SHULMAN, Judge.

At the time of the incidents giving rise to this litigation, appellant was attending a meeting of the

Southeastern Claimsmen Association at the Marriott Hotel. Appellant, a former employee of appellee-Reserve Insurance Company, was not in Reserve's employ at the time of the convention. Among those attending the meeting were two employees of Reserve, although Reserve did not require such attendance of its employees. After the meeting, an altercation developed outside the hotel between one Clarke, who was apparently in some supervisory capacity with Reserve, and appellant over the return of a book which appellant contended Clarke had not returned to him. Some physical violence ensued among appellant, Clarke, and one Manko, also an employee of Reserve, who had accompanied Clarke. Apparently some injuries were sustained by all parties to the affray. Appellant's claim against Reserve was predicated on the contention that the employees of Reserve committed a tort upon him in the prosecution and within the scope of the employer's business. The trial court granted summary judgment in favor of appellee-Reserve Insurance Company. We affirm.

1. Code Ann. § 105-108 provides in pertinent part: "Every person shall be liable for torts committed by. . . his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary."

"In *Colonial Stores v. Sasser,* 79 Ga. App. 604 (54 SE2d 719), this court said: 'In determining the liability of the master for the negligent or willful acts of a servant, the test of liability is, not whether the act was done during the existence of the employment, but whether it was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment.' " *Central of Ga. R. Co. v. Roberts,* 94 Ga. App. 600, 612 (95 SE2d 693), revd. on other grounds 213 Ga. 135 (97 SE2d 149). See also *Bates v. Southern R. Co.,* 52 Ga. App. 576 (183 SE 819), requiring not only proof of the agency, but also proof of the connection of the act with the employment.

The evidence submitted in support of Reserve's motion for summary judgment shows that the employees of Reserve were not acting within the scope of or in the prosecution of the business of appellee at the time of the

incident on which this action is based. In the face of Reserve's evidentiary showing, appellant did not produce evidence which connected the incident with Reserve's business or which showed that his alleged assailants had acted by command of Reserve.

2. It is also apparent from the depositions that the incident in question involved a personal matter only and did not involve the employer. "Thus it will be seen that in order for the master to be liable for torts committed by his servant, the tort-feasor must either have acted by command of the master or the tortious act must have been perpetrated in the prosecution and within the scope of the master's business. There is no liability on the part of the master arising from the mere relationship of master and servant. [Cits.]. . .There is a long line of decisions to the effect that if the servant steps aside from his employment and acts without the scope of his master's business, and commits a tort, the master is not liable. [Cits.]" *Falls v. Jacobs Pharmacy Co.,* 71 Ga. App. 547, 549 (31 SE2d 426). See also *Daniel v. Excelsior Auto Co.,* 31 Ga. App. 621 (121 SE 692); *Stafford v. Postal Telegraph & Cable Co.,* 58 Ga. App. 213 (198 SE 117).

Thus, a " ' . . . company is not liable for damages resulting from an assault and battery inflicted by its [employee or] agent. . .upon a third person, when it appears that the difficulty which gave rise to the beating arose out of a personal quarrel, and that the agent, so far as related to his participation therein, was acting upon his individual responsibility and not within the scope of the business of his agency as an employee of the company.' [Cit.]" *Dugger v. Central of Ga. R. Co.,* 36 Ga. App. 782 (138 SE 266).

3. "The question whether or not the servant was at the time acting within the scope of his employment is generally one for the jury; but where, as here, under the [evidence submitted on summary judgment] no reasonable construction can be drawn except that the servant was not engaged in furtherance of his master's business but was on a private enterprise of his own, the question must be decided by the court as a matter of law." *Stafford,* supra, p. 218.

In the instant case, appellant has failed to produce

evidence which would raise any triable issues as to Reserve's liability. The evidence on motion for summary judgment clearly and undisputably indicates that the employees were involved in a personal matter and not in the furtherance of the employer's business, nor were they acting within the scope of their employment or at the employer's command. Accordingly, summary judgment was properly granted.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 31, 1978 — DECIDED FEBRUARY 28, 1979.

*E. Graydon Shuford,* for appellant.

*Freeman & Hawkins, H. Lane Young, Sam F. Lowe, Jr., Dunaway, Haas & Broome, Eugene Hope,* for appellees.