## 73759. WITTIG v. SPA LADY, INC. OF MARIETTA.
(356 SE2d 665)

BIRDSONG, Chief Judge.

Appellant Christine Wittig appeals from a directed verdict for appellee, Spa Lady, Inc. of Marietta, Georgia, on an action by Wittig alleging an agent of Spa Lady forged her name to a contract and subsequent collection efforts by a collection agency and a law firm invaded her privacy and intentionally inflicted emotional distress. At the close of appellant's evidence, the trial court granted appellee's motion for directed verdict and Wittig brings this appeal. *Held*:

It was not contested that an employee of Spa Lady had forged Wittig's name to a Spa Lady contract after unsuccessfully soliciting her business. After the first monthly payment became due, Wittig received a letter from Paramount Acceptance, the collecting branch of the corporation that owns both Spa Lady and Paramount, requesting remittance of the monthly dues. Wittig informed Paramount that she had not signed the contract and Paramount requested her to send in a copy of her driver's license so that they could compare her signature to the one on the contract. Wittig at first agreed, but after discussing the matter with her sister, declined to do so, for she reasoned that Spa Lady had already forged her name to a contract and if they received a legitimate copy of her signature, they could perfect the forged signature. Eventually Paramount sent a copy of the forged contract to Wittig and then turned the account over to a law firm for collection. After some correspondence from the law firm, Wittig consulted with a lawyer and filed this action.

The trial court found no evidence that Spa Lady had any knowledge of the forgery before attempting collection, nor did they ratify such act after it was discovered. The court also found that there was no evidence that at the time of the forgery that the employee was acting for the purpose of promoting the master's interest nor had the employee been engaged in doing this for the master or had been directed to do so by the master. We agree and affirm.

Our Code states that "[e]very person shall be liable for torts committed by . . . his servant by his command or in the prosecution and within the scope of his business. . . ." OCGA § 51-2-2. But, our appellate courts have followed a long line of authorities citing the gen-

eral rule that " '[i]n determining the liability of the master for the negligent or wilful acts of a servant, the test of liability is, not whether the act was done during the existence of the employment, but whether it was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment.' " *Sexton Bros. Tire Co. v. Southern Burglar Alarm Co.*, 153 Ga. App. 413, 414 (265 SE2d 335); accord *Jones v. Reserve Ins. Co.*, 149 Ga. App. 176, 177 (253 SE2d 849); *Colonial Stores v. Sasser*, 79 Ga. App. 604, 606 (54 SE2d 719); *McGhee v. Kingman & Everett*, 49 Ga. App. 767 (2) (176 SE 55).

If a servant steps aside from his master's business to do an act entirely disconnected from it, and injury to another results from a doing of the act, the servant may be liable, but the master is not liable. *Jones v. Dixie Ohio Express*, 116 Ga. App. 155 (156 SE2d 388). Thus, a tort committed by a servant while engaged in the master's business is not necessarily a tort committed in the course of his employment and in the prosecution of the master's business. Id. Where the tort of the employee is wholly personal to himself, it is not within the scope of his employment, and the master is not liable. *Community Theatres Co. v. Bentley*, 88 Ga. App. 303, 305 (76 SE2d 632). Professor Prosser agrees that if the servant "acts from purely personal motives . . ." he is deemed to have departed from his employment and the master is not liable. Prosser & Keeton, Torts (5th ed.) 506, § 70. See also generally 53 AmJur2d 463, Master & Servant, § 445; 57 CJS 323, Master & Servant, § 574 (a).

In the instant case, the act of an employee forging a signature of a purported customer to a company contract was not within the scope of the servant's employment. The master was not liable and the trial court did not err in granting a directed verdict to appellees.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 7, 1987 —
REHEARING DENIED APRIL 22, 1987.

*Martin L. Cowen III*, for appellant.
*Robert P. Wildau, William F. Clark*, for appellee.