A89A1826. EFFORT ENTERPRISES, INC. v. CROSTA et al.
(391 SE2d 477)

CARLEY, Chief Judge.

Appellee-plaintiffs brought this tort action, alleging that their jewelry had been converted while their household goods were being moved into a new location by appellant-defendant's employees. Appellant answered and subsequently moved for summary judgment. The undisputed evidence showed that appellees' jewelry was not among the items appellant had contracted to transport, but that ap-

pellees themselves had retained exclusive control and possession of the jewelry. According to appellees, the jewelry had been placed on the bathroom vanity in their new residence prior to the arrival of appellant's employees with the household goods. It was after appellant's employees had left for lunch that the absence of the jewelry was first noticed. Appellant submitted the affidavits of its officers who averred that no employee had been instructed to commit the act of theft of appellees' jewelry and that such an act had not been ratified. On this evidence, the trial court denied appellant's motion for summary judgment, but certified its order for immediate review. Appellant's application for an interlocutory appeal to this court was granted.

1. Relying on *Bricks v. Metro Ambulance Svc.*, 177 Ga. App. 62 (338 SE2d 438) (1985), appellees urge that a genuine issue of material fact remains as to the breach of the duty owed by appellant as a common carrier to exercise extraordinary care to protect against the loss of the jewelry.

OCGA § 46-9-1 provides that a common carrier is held to a standard of extraordinary diligence and is the insurer of the goods it carries, except in cases of loss caused by an act of God or public enemies. OCGA § 46-9-132 provides that a common carrier is also held to a standard of extraordinary diligence to protect the lives and persons of its passengers. The facts in *Bricks*, supra at 66-67 (1), did "not comfortably fit either [code section]. However, the *rationale* of these code sections . . . centers about the issue of whether the carrier has exclusive custody, and this rationale leads us inexorably to the conclusion that in the sui generis case of the ambulance where the carrier has exclusive control of a sick, injured or dying person and of his personal effects, it should be liable for loss during the time of carriage of such goods and for personal injury, except for acts of God and public enemies." (Emphasis in original.) Thus, the facts in *Bricks* were such as to warrant application of the rule, arising from the special relationship between carrier and passenger, that the carrier is absolutely liable for the wilful and wanton acts committed by its servants against its passengers. *Bricks v. Metro Ambulance Svc.*, supra at 67-68 (1).

As in *Bricks*, the facts of the instant case do not "comfortably fit either" OCGA § 46-9-1 or 46-9-132. However, unlike *Bricks*, wherein *both* code sections were ostensibly applicable, the facts of the instant case do not "comfortably fit either" code section because *neither* of those statutory provisions is applicable. Although appellant is a common carrier, it did not carry appellees as passengers and it did not carry their allegedly converted jewelry. Before appellant can be held liable for the loss of the jewelry in its capacity as a common carrier, the jewelry must have been delivered to appellant for immediate transportation. See generally *Bell v. Fitz*, 78 Ga. App. 28 (1) (50 SE2d 241) (1948). Under the undisputed evidence, the jewelry was never

delivered to appellant for transportation, but remained in the exclusive control of appellees until the time of its theft. Accordingly, appellees' reliance upon *Bricks* is misplaced. Appellant did not owe appellees a duty of extraordinary diligence to protect the jewelry and appellant is not absolutely liable to appellees for the alleged theft.

2. Since appellant cannot be held liable under the theory that it breached a duty owed in its capacity as a common carrier, the question to be resolved is whether a genuine issue of material fact remains as to appellant's vicarious liability in its capacity as the employer of the alleged thieves.

The law provides that " '[t]he master is liable for the willful torts of his servant *acting in the prosecution and within the scope of the master's business,* and this is true even though the servant, at the time of the commission of such tort may evidence anger, malice, or ill will.' [Cits.]" (Emphasis supplied.) *Gaylor v. Jay &c. Chrysler-Plymouth-Dodge*, 183 Ga. App. 255, 256-257 (358 SE2d 655) (1987). While this legal principle may be simply stated, its application has proven to be problematic. It has been recognized that the cases involving the issue of an employer's vicarious liability for the wilful torts of his employees, "can only be reconciled by an approach which directs its inquiry, not to authority to commit the tort but to authority to accomplish a purpose in pursuance of which a wilful tort is committed." (Emphasis omitted.) *Franklin Life Ins. Co. v. Hill*, 136 Ga. App. 128, 135 (4) (220 SE2d 707) (1975). Thus, the test of liability is whether the tort " ' "was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment." ' [Cits.] If a servant steps aside from his master's business to do an act entirely disconnected from it, and injury to another results from a doing of the act, the servant may be liable, but the master is not liable. [Cit.] Thus, a tort committed by a servant while engaged in the master's business is not necessarily a tort committed in the course of his employment and in the prosecution of the master's business. [Cit.] Where the tort of the employee is wholly personal to himself, it is not within the scope of his employment, and the master is not liable. [Cit.]" *Wittig v. Spa Lady of Marietta*, 182 Ga. App. 689, 690 (356 SE2d 665) (1987).

The instant case is not one wherein an employee "merely carried out [the] employer's business, although perhaps over-zealously. . . ." *Odom v. Hubeny, Inc.*, 179 Ga. App. 250, 252 (1) (345 SE2d 886) (1986). Compare *Sanders v. Brown*, 178 Ga. App. 447, 451 (3) (343 SE2d 722) (1986); *Prince v. Brickell*, 87 Ga. App. 697, 699 (2) (75 SE2d 288) (1953). Appellant's business is to carry the goods of others. If appellant's employees stole goods which were in appellees' exclusive control, they were in no way acting in pursuit of appellant's business. The alleged theft was "unrelated to the task of [moving appellees'

belongings] and [was] completely personal in nature. [Cits.] The mere fact that the [offense] occurred during a time of ostensible employment in the [appellees'] home is not dispositive on the question of scope of employment. [Cit.]" *Southern Bell Tel. &c. Co. v. Sharara*, 167 Ga. App. 665, 667 (2) (307 SE2d 129) (1983). See also *Wittig v. Spa Lady*, supra at 690; *Community Theatres Co. v. Bentley*, 88 Ga. App. 303, 306 (76 SE2d 632) (1953).

"As the only business of [appellant] was to [move its customers' belongings], any action by [its employee] in stealing [jewelry] would be personal and outside the scope of . . . employment. This court has held that an agent was acting on his individual responsibility, not on his master's business, when he committed an offense . . . arising out of a personal matter. [Cit.]" *Sexton Bros. Tire Co. v. Southern Burglar Alarm Co.*, 153 Ga. App. 413, 415 (265 SE2d 335) (1980). See also *Flynn v. Gold Kist*, 181 Ga. App. 637, 641 (2) (353 SE2d 537) (1987). "The evidence on motion for summary judgment clearly and indisputably indicates that the [employee or] employees were involved in a personal matter and not in the furtherance of the employer's business, nor were they acting within the scope of their employment or at the employer's command. Accordingly, summary judgment [should have been] granted." *Jones v. Reserve Ins. Co.*, 149 Ga. App. 176, 179 (3) (253 SE2d 849) (1979).

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 28, 1990.

*MacDouglad & Hendon, Lagrant Anthony*, for appellant.
*Sutherland, Asbill & Brennan, Elizabeth C. Boswell, Charles T. Lester, Jr.*, for appellees.

