A97A1887. ROBERTS v. DUCO DEVELOPMENT, INC.
(494 SE2d 313)

Judge Harold R. Banke.

Brian S. Roberts sued Duco Development, Inc. d/b/a Subway of Brunswick ("Subway") under the theory of respondeat superior for false arrest, malicious prosecution, and negligence after a Subway manager filed theft charges against him. Roberts appeals the summary judgment awarded to Subway.

The evidence, when viewed in a light most favorable to Roberts, showed that Roberts and his manager at Subway, Larry Willis, had an acrimonious personal relationship. Roberts testified that their relationship deteriorated some time after he rejected Willis' romantic overtures and Willis insulted his girl friend. When Willis terminated Roberts' employment at Subway, he informed Roberts that he had taken out criminal warrants against him for terroristic threats.

It is undisputed that Willis lodged criminal theft charges against Roberts which lacked any foundation. Willis' affidavits led to the issuance of two criminal arrest warrants for theft by taking. In one warrant, Willis swore that Roberts unlawfully and without authority took $155 from Subway, and in the other, Willis swore that Roberts took $250. One theft allegedly occurred six months prior to the date of the affidavit. Subway's records indicate that no money was missing on the days on which Willis swore by affidavit that Roberts had absconded with the money. The criminal charges were dismissed about 18 months later.

Under the Subway terms of employment, a store manager lacks the authority to swear out an affidavit for an individual's arrest unless specifically directed to do so by the store owner. Russ Collett, the Subway store owner, testified that he did not authorize or direct Willis to take out the affidavits. In fact, Collett testified that he did not know about any of the underlying events until Roberts filed the instant lawsuit. Collett further attested that it was contrary to Subway policy to swear out a warrant for a theft of this nature for less than $500.

In moving for summary judgment, Subway contended that it could not be vicariously liable because Willis' actions were undertaken outside of the scope of his employment and done for purely personal reasons. Roberts appeals the summary judgment awarded to Subway. *Held*:

In his sole enumeration of error, Roberts contends that the exis-

tence of material disputed facts precluded summary judgment. We disagree. In determining whether an employer is liable for an employee's tortious conduct, the test is whether the tort was done within the range of employment and for the purpose of accomplishing business authorized by the employer. *Doe v. Village of St. Joseph*, 202 Ga. App. 614, 616 (1) (415 SE2d 56) (1992); *Wittig v. Spa Lady &c.*, 182 Ga. App. 689, 690 (356 SE2d 665) (1987). Where the tort of an employee is wholly personal to himself, it is not within the scope of his employment and the master is not liable. *Effort Enterprises v. Crosta*, 194 Ga. App. 666, 668-669 (2) (391 SE2d 477) (1990); *Wittig*, 182 Ga. App. at 690. Inasmuch as no money was missing on the two days on which Willis averred that the thefts occurred, and Collett testified that he did not authorize Willis' actions, no evidence supports Roberts' assertion that Willis' actions were motivated by any purpose beneficial to Subway. *Worstell Parking v. AISIDA*, 212 Ga. App. 605, 606 (1) (442 SE2d 469) (1994); *Mountain v. Southern Bell Tel. &c. Co.*, 205 Ga. App. 119 (1) (421 SE2d 284) (1992) (where tort is not committed by reason of employment but because of matters disconnected therewith, the master is not liable). Subway's uncontroverted evidence shows that Willis' actions were unauthorized and contrary to Subway's standard practice. A master cannot be deemed vicariously liable for a purely personal act unrelated to employment. *Coley v. Evans Mem. Hosp.*, 192 Ga. App. 423, 424 (385 SE2d 100) (1989); see OCGA § 51-2-2. Because the actions of Willis were plainly outside the scope of his employment, were contrary to the delineated duties of a store manager, and were not done in furtherance of Subway's business, the trial court properly granted summary judgment to Subway.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED NOVEMBER 25, 1997 — 

*John T. McKnight*, for appellant.

*Whelchel, Brown, Readdick & Bumgartner, J. Thomas Whelchel, Bradley J. Watkins*, for appellee.