A97A1748. HOBBS et al. v. PRINCIPAL FINANCIAL GROUP, INC. et al.
(497 SE2d 243)

ANDREWS, Chief Judge.

William and Betty Hobbs sued Principal Financial Group, Inc. and Principal Mutual Life Insurance Company (jointly referred to as Principal) alleging that, while Ernie Malcolm James was acting as an agent of Principal, he fraudulently induced them to invest money in the "Principal Manager's Fund," a nonexistent investment fund which he falsely told them was a Principal fund. The Hobbses' suit, which seeks to impose vicarious liability on Principal for damages caused by the actions of James, alleges in four counts that Principal defrauded them through the actions of its agent, James; that Principal breached the investment contract made with them by James as Principal's agent; that Principal negligently hired James as its agent; and that Principal negligently failed to adequately regulate, supervise and monitor James.

The trial court granted summary judgment to Principal on the basis that the present case was controlled by our decision in *Fortune v. Principal Financial Group*, 219 Ga. App. 367 (465 SE2d 698) (1995). In that case, John and Denise Fortune alleged that James fraudulently induced them to invest in the same nonexistent "Principal Manager's Fund." The Fortunes also sought to impose vicarious liability on Principal in a complaint alleging the same four counts alleged in the present complaint. In affirming the grant of summary judgment in favor of Principal in *Fortune*, we concluded that Principal was not liable because James acted as an independent contractor of Principal; "that James did not have authority under his contracts with Principal to sell investment funds or securities; [that] Principal

never received any money from James' sales of the Fund; and, on July 25, 1991, [Principal] terminated James upon first learning [of his fraudulent conduct]." Id. at 370. We also rejected the Fortunes' claim that James was an apparent or ostensible agent of Principal. Id. We further concluded that Principal conducted a reasonable background investigation when it hired James, and it was not liable for negligent hiring or retention of James. Id. at 370-372.

The Hobbses claim that the trial court erred in granting summary judgment because the facts of the present case distinguish it from *Fortune*, supra. We find no additional facts in the present case which would alter our conclusions in *Fortune* that James was an independent contractor of Principal. Accordingly, as we stated in *Fortune*, " '[a]n employer generally is not responsible for torts committed by his employee when the employee exercises an independent business and in it is not subject to the immediate direction and control of the employer. OCGA § 51-2-4.' " Id. at 368. Although the Hobbses point to additional evidence presented by them regarding James' general reputation, it provides no basis for changing our conclusion in *Fortune* that Principal conducted a reasonable background check when it hired James and therefore is not liable on any claim for negligent hiring or retention.

The Hobbses also claim that additional evidence in the present case shows Principal represented or held out James as its apparent agent with respect to the sale of Principal investments. They point primarily to evidence that Principal provided James with (and James gave to them) business cards identifying James as an agent of Principal Financial along with brochures and annual reports describing investment opportunities which could be purchased from Principal Financial. Assuming, without deciding, that this additional evidence was sufficient to create a factual issue as to whether Principal held out James as its apparent agent for the sale of Principal Financial investments, Principal would still be entitled to summary judgment.

Even assuming that James was a Principal agent, his conduct in fraudulently inducing the Hobbses to invest in a nonexistent fund which he falsely represented as a Principal fund was a tort committed outside the scope of any such employment. "Generally, an employer may be held responsible for the tortious act of an employee where the act was 'authorized by the employer prior to its commission, ratified (by the employer) after its commission, or committed within the scope of the employment. (Cit.)' *Sexton Bros. Tire Co. v. Southern Burglar Alarm Co. &c.*, 153 Ga. App. 413, 414 (265 SE2d 335) (1980)." *Modern Woodmen of America v. Crumpton*, 226 Ga. App. 567, 568 (487 SE2d 47) (1997). There was no evidence in *Fortune*, supra, and no evidence in the present case that Principal authorized or knew about James' tortious acts prior to their commission. Nor is

there any evidence that Principal ratified any of James' tortious acts. Accordingly, the issue is whether Principal could be held vicariously liable because James committed the tortious acts within the scope of his employment.

Under OCGA § 51-2-2, an employer "shall be liable for torts committed by . . . his servant by his command or in the prosecution and within the scope of his business. . . ." "[I]n determining the liability of the master for the negligent or wilful acts of a servant, the test of liability is, not whether the act was done during the existence of the employment, but whether it was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment. [Cits.] If a servant steps aside from his master's business to do an act entirely disconnected from it, and injury to another results from a doing of the act, the servant may be liable, but the master is not liable." (Punctuation omitted.) *Wittig v. Spa Lady &c.*, 182 Ga. App. 689, 690 (356 SE2d 665) (1987). "Thus, where the tortious conduct of the employee is personal to himself because it springs from purely personal motives, the employee is deemed to have departed from the scope of his employment and the master is not liable. Id.; *Effort Enterprises v. Crosta*, 194 Ga. App. 666 (391 SE2d 477) (1990)." *Modern Woodmen*, supra at 569.

James' acts in fraudulently inducing the Hobbses to invest money in a nonexistent fund which he falsely represented to be a Principal fund were personal acts for his own benefit, involved no participation by Principal, and were of no benefit to Principal. Accordingly, there is no basis for concluding that Principal was vicariously liable to the Hobbses for James' tortious conduct or for any contractual obligation of James to the Hobbses. Moreover, there is no basis for concluding that Principal breached a duty to control the acts of James done outside the scope of his employment because there is no evidence sufficient to show that Principal knew or should have known that James was likely to commit the fraudulent acts at issue. Id.; see Restatement 2d of Torts, § 317 (b) (ii).

The trial court correctly granted summary judgment in favor of Principal.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 2, 1998.

*Taylor & Taylor, Leah O. Taylor, John P. Tucker, Jr.*, for appellants.

*Magill & Bondurant, Elizabeth J. Bondurant*, for appellees.
Ernie M. James, *pro se.*