## A99A2373. GFA BUSINESS SOLUTIONS, INC. et al.
## v. GREENWAY INSURANCE AGENCY, INC. et al.

### (531 SE2d 134)

RUFFIN, Judge.

This case involves whether an insurance agency may be held liable for breach of contract and fraud if its manager agrees to procure insurance for a client but fails to obtain the policy and pockets a portion of the premiums. The trial court found that the insurance agency could not be held liable and granted summary judgment in its favor. As we find that the agency may be held liable for breach of contract, but not for fraud, we affirm in part and reverse in part.

In order to prevail on a motion for summary judgment under OCGA § 9-11-56, the movant must show that there is no genuine issue of material fact and that the facts, viewed in the light most favorable to the nonmovant, warrant judgment as a matter of law.[1] A defendant may accomplish this by demonstrating that the record contains insufficient evidence to create a jury issue on at least one essential element of the plaintiff's case.[2]

Viewed in the light most favorable to the nonmovant, the evidence shows that, in January 1995, Jimmy Selph started GFA Business Solutions, Inc., an employee leasing company.[3] In late 1994, Selph contacted Glynn Greenway, the president and sole shareholder of Greenway Insurance Agency, Inc., about obtaining workers' compensation insurance. Greenway, who did not actively manage Greenway Agency, directed Selph to Peter O'Malley, who did manage it and who would actually procure the policy.

Selph and O'Malley met to discuss premiums, and Selph agreed to obtain GFA's insurance coverage through Greenway Agency. To this end, he gave O'Malley a check for approximately $7,000 as a down payment on the expected premium for the first year. Selph understood that, since his was a new company, it would be insured through the assigned risk pool.

Throughout 1995, GFA paid the agency additional premiums of approximately $50,000. Whenever GFA required a certificate to document its insurance coverage, Selph would contact O'Malley and would receive a certificate of insurance.

GFA continued to obtain its insurance coverage through Greenway Agency until 1997. Selph estimates that GFA paid more than $229,000 in premiums from 1995 through March 1997. In March 1997, however, Selph was contacted by an insurance investigator

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] Id.

[3] GFA is the successor to FGA Business Solutions, another employee leasing company that is a party to this appeal. For clarity, we refer to the two companies collectively as GFA.

who informed him that the insurance certificates that Greenway Agency had provided were fraudulent and that GFA had no insurance coverage. Selph subsequently learned that O'Malley never obtained insurance but paid for any insurance claims out of Greenway Agency accounts. Greenway discovered that O'Malley had either used GFA premiums to pay actual claims or for his personal needs. Greenway also learned that O'Malley had substantial gambling debts and that he needed large sums of money. Because of O'Malley's acts, Greenway estimates that the agency lost up to $1.2 million.

After Selph learned that GFA had no workers' compensation insurance, he immediately obtained coverage from another agency. With respect to pending claims, however, GFA had to pay $7,200 from its own funds to obtain legal representation.

GFA sued both Greenway Agency and O'Malley for breach of contract, negligence, and fraud. Greenway Agency moved for summary judgment, arguing that it could not be held liable for O'Malley's acts or omissions, and the trial court granted the motion. With respect to the contract claim, the trial court found that Greenway Agency could not be held liable for breach of contract because there was no insurance contract between it and GFA. As to the fraud claim, the trial court ruled that O'Malley's acts were unauthorized and beyond the scope of his employment and that Greenway Agency could not be held liable as a matter of law.

1. GFA contends that the trial court erred in granting Greenway Agency's motion for summary judgment on the contract claim. The trial court essentially found that no contract existed between GFA and Greenway Agency. But the reasoning employed by the trial court is flawed.

An insurance company clearly may be held liable for the fraud, misconduct, or negligence of an agent in an action for a breach of an insurance contract.[4] Here, however, the contract is not an insurance contract. The contract, if any, is a contract to *procure* insurance between an insurance agency and its client.[5] But we see no reason for applying a different rule for a contract to procure insurance. Whether it is an insurance company or an insurance agency, the principal "which made it possible in the first instance for the agent to perpetrate the fraud should suffer rather than the other innocent party."[6] Accordingly, contrary to the trial court's ruling, GFA may sue Greenway Agency for breach of contract as long as there is evidence that

---

[4] *Modern Woodmen of America v. Crumpton*, 226 Ga. App. 567, 569 (487 SE2d 47) (1997).

[5] *Atlanta Women's Club v. Washburne*, 207 Ga. App. 3, 4 (427 SE2d 18) (1992).

[6] (Punctuation omitted.) *Modern Woodmen*, supra at 569-570.

the parties entered into such a contract and the contract was breached.[7]

Here, O'Malley had actual authority to bind Greenway Agency to a contract to procure insurance. In his deposition testimony, Greenway admitted that O'Malley, as the manager of the company, was responsible for "oversee[ing] the entire operations of the agency." In addition, the evidence shows that the parties entered into an oral agreement under which Greenway Agency would obtain workers' compensation insurance for GFA. It is undisputed that, although GFA paid premiums to O'Malley, no such insurance was ever obtained. Finally, the record shows that GFA sustained damages as a result of O'Malley's failure. Under these circumstances, GFA does have a cause of action against Greenway Agency for breach of contract, and the trial court erred in granting summary judgment in favor of Greenway Agency.

2. GFA contends that the trial court erred in granting summary judgment to Greenway Agency on its fraud claim. We disagree.

As a general rule, employers are liable only for the negligent or tortious acts of an employee that are committed within the scope of that employer's business.[8] If the employee steps aside from the employer's business and commits an act entirely disconnected from his employment, the employee, but not the employer, is liable for any resulting injury to a third party.[9] "[W]here the tortious conduct of the employee is personal to himself because it springs from purely personal motives, the employee is deemed to have departed from the scope of his employment and the master is not liable."[10]

Here, the record shows that O'Malley's acts in accepting GFA's premiums without obtaining insurance "were personal acts for his own benefit, involved no participation by [Greenway Agency], and were of no benefit to [Greenway Agency]."[11] Moreover, there is no evidence that Greenway authorized or ratified O'Malley's acts. As such, there is no basis for holding Greenway Agency liable.[12] Accordingly, the trial court did not err in granting summary judgment to Greenway Agency on this issue.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ellington, J., concur.*

---

[7] See *Budget Rent-A-Car &c. v. Webb*, 220 Ga. App. 278, 279 (1) (469 SE2d 712) (1996) (" '[t]he elements of a right to recover for a breach of contract are the breach and the resultant damages to the party who has the right to complain about the contract being broken' ").

[8] OCGA § 51-2-2; *Reynolds v. L & L Mgmt.*, 228 Ga. App. 611, 612-613 (1) (492 SE2d 347) (1997).

[9] *Davis Gas Co. v. Powell*, 140 Ga. App. 841, 843 (1) (232 SE2d 258) (1976).

[10] *Modern Woodmen*, supra at 569.

[11] *Hobbs v. Principal Financial Group*, 230 Ga. App. 410, 412 (497 SE2d 243) (1998).

[12] *Sexton Bros. Tire Co. v. Southern Burglar Alarm Co. &c.*, 153 Ga. App. 413, 414-415 (265 SE2d 335) (1980).

DECIDED MARCH 10, 2000 —
RECONSIDERATIONS DENIED MARCH 23, 2000 — 

*Gambrell & Stolz, Irwin W. Stolz, Jr., Robert G. Brazier, Seaton D. Purdom, Andersen, Davidson & Tate, Christopher R. Stovall,* for appellants.

*Harman, Owen, Saunders & Sweeney, Michael W. McElroy, Michael T. Thornton, Pamela Richards-Greenway,* for appellees.