60546. LITTLE v. PACO COLLECTION SERVICES, INC.

McMURRAY, Presiding Judge.

This is an action by Paco Collection Services, Inc., as transferee of an installment loan contract by and between the defendant Linda A. Little and Olympic Health Spa, Inc., wherein an installment note payable in 24 installments of $26 was assigned by Olympic Health Spa, Inc., to the plaintiff. The suit was for the amount of the assignment, $577.72, seeking also attorney fees of $86.66 and court costs.

The defendant answered, denying the claim or that she had entered into the installment loan contract, although this defense was amended to deny she had entered into an installment loan contract with the transferor. She added numerous other defenses that the contract was illegal, void or voidable, unenforceable on its face, and violative of the Fair Business Practices Act of 1975 (FBPA). Other defenses contend it was an unconscionable contract, unenforceable because of uncertainty, against public policy, and fraudulent on its face. A counterclaim was also added with numerous counts alleging damages by reason of harassment, worry, lack of sleep, inability to concentrate, distraction, etc., by reason of the wilful and unconscionable acts of the plaintiff's assignors and seeking damages authorized by the Fair Business Practices Act of 1975, including exemplary and punitive damages and reasonable attorney fees.

The case proceeded to trial, and at the close of the evidence the trial court denied defendant's oral motion for directed verdict and granted the plaintiff's oral motion for directed verdict, directing the

jury to return a verdict in favor of the plaintiff on the plaintiff's main claim in the amount of $577.72, plus costs, and also on the counterclaim. The judgment followed the verdict, and the defendant appeals. *Held:*

1. The notice of appeal states clearly that no transcript of proceedings will be filed by the defendant. Consequently, all enumerations of error which require consideration of the evidence cannot be considered here. For example, the defendant contends "there simply were no facts before the lower court to justify or demand direction of a verdict in favor of" the plaintiff. The sum and substance of the enumerations of error is that the trial court erred in failing to grant a directed verdict in favor of the defendant and in directing a verdict in favor of the plaintiff, the transferee of the installment note of Olympic Health Spa, Inc., for the utilization of its program and facilities and for a membership "absolutely non-cancellable, non-transferable, and non-refundable."

The defendant contends that the involved contract, on its face, failed to meet the statutory requirements of the Fair Business Practices Act of 1975, and in particular Code Ann. § 106-1203 (Ga. L. 1975, pp. 376, 378; 1978, pp. 2001, 2002), in that the contract did not state clearly on its face the cancellation and refund policies of the seller and that the health spa member has the right to cancel the contract within 3 days after execution. Defendant contends these failures render the contract unenforceable because of its non-compliance with the "Fair Business Practices Act ... and because of its resultant illegality, unconscionability, and tenor against public policy."

The maker of the contract was Olympic Health Spa, Inc., and not the plaintiff shown herein as merely the transferee by assignment "for value received." Consequently, since we have no transcript of the evidence we are unable to ascertain if there be any connection, if proven, by and between the assignor and the assignee or transferee of the alleged indebtedness. In the absence of the transcript of the evidence we must assume the evidence presented was sufficient to support the judgment which denied the defendant's claim. See *Satterfield v. Satterfield,* 236 Ga. 155 (1), 156 (223 SE2d 136); *Craigmiles v. Craigmiles,* 237 Ga. 498, 499 (228 SE2d 882). The enumerations of error complaining of the failure to find in favor of the defendant as to her counterclaim are not meritorious.

2. The contract here involved was an installment note involving a membership in a health spa. The Fair Business Practices Act of 1975 sets forth numerous unlawful acts and practices in the conduct of consumer transactions and consumer acts and requires a written contract "which shall constitute the entire agreement between the

parties." The contract "shall state clearly on its face the cancellation and refund policies of the seller." In this instance the contract states that the membership "is absolutely non-cancellable" yet the "health spa member has the right to cancel the contract within 3 business days after the date of the signing of the contract by notifying the seller in writing of such intent and . . . [i]f the health spa member so cancels, any payments made under the contract will be refunded . . ." Further, Code Ann. § 106-1203, supra, authorizes other cancellation and in particular provides "that if the member becomes totally and permanently disabled during the membership term, he may cancel his contract," in which event the health spa is entitled to a reasonable predetermined fee, in addition to the amount equal to the value of services made available for use. And, finally, a "seller may not by contract, agreement, or otherwise limit the operation of this Chapter [FBPA] notwithstanding any other provisions of law." The contract on its face fails to state clearly "the cancellation and refund policies of the seller" and in stating that the membership "is absolutely non-cancellable," is violative of the Fair Business Practices Act in attempting to limit the operation of this statute.

However, we find nothing in the Fair Business Practices Act of 1975 which would hold the contract to be void on its face even if it might contain unlawful clauses such as here that the membership in the health spa was "absolutely non-cancellable." In the discussion of the Act found in *Attaway v. Tom's Auto Sales,* 144 Ga. App. 813, 814-816 (242 SE2d 740), this court stated, "the Act itself is in no way tied to contractual rights and is wholly self-sustaining." The purpose of the Act is to protect consumers from unfair or deceptive practices in the conduct of any trade or commerce, but it does not declare a consumer contract which violates the Act to be void or voidable so as to rescind the contract or otherwise set it aside. The *Attaway* case further ruled: "A consumer who is damaged thereby has an independent right to recover under the Act, regardless of any other theory of recovery." Consequently, as we do not have a transcript of the evidence here wherein the defendant could have sought to have cancelled the contract "within 3 business days after the date of the signing of the contract by notifying the seller in writing of such intent," or any other attempt to cancel as set forth in the Act, and to have suffered injury and damage by reason of this language, we cannot hold that a written contract violative of the Act voids the contract by reason of the FBPA. We find no reversible error in the direction of the verdict as to the amount sought under the contract as we cannot review the evidence in the absence of a transcript to ascertain if the verdict and judgment were not demanded.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 4, 1980 — DECIDED OCTOBER 23, 1980 —

*William H. Little, Jr.,* for appellant.
*Charles C. Carter,* for appellee.
*Elizabeth Coleman-Stroup,* amicus curiae.