## A91A0190. WHIDDON v. DIXON.
(405 SE2d 710)

BEASLEY, Judge.

Appellee Dixon brought this suit against appellant Whiddon for money had and received. The final judgment in favor of Dixon on a jury verdict is affirmed.

Dixon entered into an agreement with Whiddon and her ex-husband under which he cut and removed timber from a tract of land jointly owned by them. Whiddon's ex-husband went onto the land and showed Dixon the boundaries of the property, but he mistakenly included property belonging to Neel and the Lurrys. These neighbors complained, and Whiddon's ex-husband acknowledged his fault. He agreed that he would hire an attorney to represent Dixon if he were sued and that he would hold him harmless from any judgments Neel and the Lurrys might obtain against him. The neighbors did sue Dixon, who had to hire an attorney to represent himself. Neel and the Lurrys obtained judgments in the cumulative amount of $6,610.80, which Dixon paid.

Whiddon contended that although she and her ex-husband held joint title to the property from which the timber was cut, Dixon's agreement was with her ex-husband, who was the sole payee of checks issued by Dixon in payment of the timber.

Dixon countered that his agreement was with both Whiddon and her ex-husband and that the checks were deposited into a joint checking account, which was subsequently awarded to Whiddon in her di-

vorce suit. Dixon also contended that $5,000 in cash found in the trunk of Whiddon's car might have been money received in payment of the timber. Whiddon denied all of this.

The verdict of $4,769 was the amount of money paid by Dixon to Whiddon and her ex-husband for the timber cut from the Neel and Lurry lands.

1. Whiddon challenges the sufficiency of the evidence, contending that through reasonable efforts, such as going to the courthouse and examining surveys of the property, Dixon could have ascertained the true boundary line. She argues that his negligence in failing to do this bars reliance on appellant's ex-husband's misrepresentations. As supporting authority, Whiddon cites such cases as *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989) and *Miller v. Clabby*, 178 Ga. App. 821 (344 SE2d 751) (1986). These inapposite cases hold that a *purchaser* of property cannot recover in an action against the seller for fraud and deceit based on misrepresentations by the seller as to the boundary of the property, if the means of ascertaining the boundary line were equally available to both parties. The challenge to sufficiency is without merit.

2. Whiddon enumerates as error the charge that if Dixon's negotiations were with Whiddon's ex-husband, who had and received money which in equity and good conscience he was not entitled to keep, the jury must determine whether or not he acted as his wife's agent. This was a correct statement of law, see *Schofield v. Jones*, 85 Ga. 816, 820 (11 SE 1032) (1889), and it was adjusted to the evidence.

3. Another jury charge enumerated as error was that if the jury finds that Whiddon permitted her husband to manage and control her property or allowed him to deal with it to induce others to believe that he was acting as her authorized agent, such facts are sufficient to establish the agency in favor of persons who dealt with him in such belief, whether she knows that her husband is so managing and controlling her property and makes no objection thereto. This, too, was a correct statement of law, see *Aronoff v. Woodward*, 47 Ga. App. 725 (5) (171 SE 404) (1933), and adjusted to the evidence.

4. Whiddon enumerates as error the court's charge to the jury of the contentions of the parties in their pleadings, as amplified in the pretrial order. She contends that the jury's province was invaded by giving a detailed factual summary of Dixon's contentions and only short shrift to hers, merely stating that she denied the material allegations of the complaint. The trial court responded to her exception on the ground that the charge was imbalanced and unfair, by stating accurately that Whiddon's answer consisted of a denial of the complainant's allegations, that her only specific factual contention was that she was without knowledge of the amounts recovered by Neel and the Lurrys or of Dixon's demand for reimbursement, and that

this is what the court charged. We find no error. Compare *English v. Poole*, 31 Ga. App. 581, 583 (5) (121 SE 589) (1924), relied upon by Whiddon.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 2, 1991 —
REHEARING DENIED MAY 3, 1991.

*Loftiss, Van Heiningen & Ward, J. Patrick Ward*, for appellant.
*Porter, Lehman & Chason, J. Kevin Chason*, for appellee.