A92A0855. SMITH et al. v. MYRICK.
A92A0856. SMITH et al. v. WEATHERSPOON.
(422 SE2d 236)

CARLEY, Presiding Judge.
Appellant-defendants Mr. and Mrs. Frederick·Smith jointly own a duplex which was leased to appellee-plaintiffs. Each appellee brought a separate suit against both appellants, seeking to recover for the loss of personal property which occurred when Mr. Smith allegedly removed the outer doors of the duplex and thereby exposed appellees' personal property to pilferage. The cases were consolidated for trial before a jury, and verdicts for compensatory and punitive damages were returned in favor of each appellee against both appellants. The trial court entered judgments on the jury's verdicts, and appellants appeal.

1. The general grounds are enumerated as to the judgments against Mrs. Smith.

According to Mrs. Smith's testimony, the duplex property is her own and she had arranged for Mr. Smith to hold an individual one-half for purposes of survivorship only. She would rely upon him to collect the rent and do handiwork on the duplex. Moreover, she wanted appellees to vacate the duplex and directed Mr. Smith to bring dispossessory proceedings against each appellee. Dispossessory

proceedings were brought, but were subsequently dismissed for want of prosecution. According to an eyewitness, Mr. Smith went to the duplex to determine whether appellees had moved out. No one was home, but it was apparent appellees had not left. Mr. Smith then had the doors removed and said "maybe if I take the doors down [appellees] will just go away." There is no evidence that Mrs. Smith expressly directed Mr. Smith to remove the doors.

"The marital relationship alone will not . . . support an action against a [wife] for the tort of [her husband] in the absence of facts showing an agency relationship." *Shelton v. Doster*, 99 Ga. App. 863, 864 (4) (109 SE2d 862) (1959). The evidence adduced at the trial of the instant case was sufficient to establish such an agency relationship, whereby Mr. Smith would collect rent, make repairs and dispossess tenants on behalf of Mrs. Smith. See *Whiddon v. Dixon*, 199 Ga. App. 644, 645 (3) (405 SE2d 710) (1991). Accordingly, "if [Mr. Smith's] wrongful acts were in the prosecution of [his wife's] business and within the scope of [his agency], then [she] is liable for such tortious conduct" on his part. *Prince v. Brickell*, 87 Ga. App. 697, 700 (2) (75 SE2d 288) (1953).

"The law provides that ' "(t)he master is liable for the wilful torts of his servant acting in the prosecution and within the scope of the master's business, and this is true even though the servant, at the time of the commission of such tort may evidence anger, malice, or ill will." (Cits.)' . . . [Cit.] While this legal principle may be simply stated, its application has proven to be problematic. It has been recognized that the cases involving the issue of an employer's vicarious liability for the wilful torts of his employees, 'can only be reconciled by an approach which directs its inquiry, not to authority to commit the tort but to authority to accomplish a purpose in pursuance of which a wilful tort is committed.' [Cit.] Thus, the test of liability is whether the tort ' " 'was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment.' " (Cits.) If a servant steps aside from his master's business to do an act entirely disconnected from it, and injury to another results from a doing of the act, the servant may be liable, but the master is not liable. (Cit.). . . . Where the tort of the employee is wholly personal to himself, it is not within the scope of his employment, and the master is not liable. (Cit.)' [Cit.]" *Effort Enterprises v. Crosta*, 194 Ga. App. 666, 668 (2) (391 SE2d 477) (1990).

"In the instant case it can not be said, as a matter of law, that [Mr. Smith] was acting wholly without the scope of his [agency] and doing an act entirely disconnected therewith, in his efforts to [remove the doors]. The fact that [Mrs. Smith] had not instructed or authorized [Mr. Smith] to pursue an improper course in the [management of the rental property], or to commit a tort, would not necessarily pre-

vent a recovery from [Mrs. Smith]. . . . The true question is, was [Mr. Smith], at the time he . . . acted in the above manner . . . , acting [merely] in his individual capacity, or as [an agent] of [Mrs. Smith]. [Cits.]" *Atlanta Hub Co. v. Jones,* 47 Ga. App. 778, 779 (3) (171 SE 470) (1933). It is of course perfectly legal for a lessor to attempt to regain possession of rented premises in the method prescribed by law. *Sanders v. Brown,* 178 Ga. App. 447, 448 (1) (343 SE2d 722) (1986). If, however, an agent of the lessor who is authorized to attempt to regain possession resorts to a method which is not prescribed by law, and commits an "illegal entry, or other like tort, this would not take the act of the [agent] outside the scope of his [agency] so as to relieve the [lessor] in an action against it for damages resulting therefrom. [Cit.]" *Garner v. Mears,* 97 Ga. App. 506, 513 (4) (103 SE2d 610) (1958).

"The evidence of record established an issue of fact whether [Mr. Smith] had acted outside the scope of [his agency] or whether [he] had merely carried out [Mrs. Smith's] business, although perhaps overzealously. . . . [Cit.]" *Odom v. Hubeny, Inc.,* 179 Ga. App. 250, 251-252 (1) (345 SE2d 886) (1986). Compare *Ford Motor Co. v. Williams,* 219 Ga. 505 (134 SE2d 32) (1963); *Lee v. Nelms,* 57 Ga. 254 (2) (1876). It follows that the trial court did not err in entering judgment against Mrs. Smith, as well as Mr. Smith.

2. All of the remaining enumerations address the trial court's jury charges. However, in response to a post-charge inquiry by the trial court, appellants stated that they had no exceptions. Accordingly, appellants have waived any objections to the jury charge. *Bell v. Samaritano,* 196 Ga. App. 612 (2) (396 SE2d 520) (1990), aff'd 260 Ga. 768 (400 SE2d 13) (1991); *Bruno v. Evans,* 200 Ga. App. 437, 441 (4) (408 SE2d 458) (1991).

*Judgments affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*Davis & Sissel, Kenneth M. Sissel,* for appellants.
*Fain, Major & Wiley, Gary W. Powell,* for appellees.