A94A1848. ROGERS et al. v. FRED R. HILLER COMPANY OF
GEORGIA, INC.
(448 SE2d 46)

BLACKBURN, Judge.

Stuart and Sheila Rogers appeal the trial court's order granting defendant Fred R. Hiller Company of Georgia, Inc.'s (Hiller Company) motion for summary judgment. In their complaint, the Rogerses alleged the Hiller Company was responsible for personal injury damages resulting from the actions of its employee, Stuart Gallacher. On appeal, the Rogerses contend that the existence of genuine issues of material fact preclude the award of summary judgment.

1. In their first enumeration of error, the Rogerses assert that the trial court erred in determining that no issue of material fact remained as to whether Stuart Gallacher was acting within the scope of his employment when he physically assaulted Stuart Rogers. We cannot agree.

"The law provides that the master is liable for the wilful torts of his servant acting in the prosecution and within the scope of the master's business, and this is true even though the servant, at the time of the commission of such tort may evidence anger, malice, or ill will. While this legal principle may be simply stated, its application has proven to be problematic. It has been recognized that the cases involving the issue of an employer's vicarious liability for the wilful torts of his employees, can only be reconciled by an approach which directs its inquiry, not to authority to commit the tort but to authority to accomplish a purpose in pursuance of which a wilful tort is committed. Thus, the test of liability is whether the tort was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment. *If a servant steps aside from his master's business to do an act entirely disconnected from it, and injury to another results from a doing of the act, the servant may be liable, but the master is not liable.* Where the tort of the employee is wholly personal to himself, it is not within the scope of his employment, and the master is not liable." (Citations and punctuation omitted.) (Emphasis supplied.) *Smith v. Myrick*, 205 Ga. App. 339, 340 (422 SE2d 236) (1992).

The record indicates that the physical altercation between Rogers and Gallacher was entirely disconnected from Gallacher's position as a salesman for the Hiller Company. Rogers and Johnson worked for Western Waterproofing. The Hiller Company is one of Western Waterproofing's suppliers. The altercation occurred as Rogers and Johnson conducted their daily production meeting. Although he had attended in the past, Gallacher's presence at the production meetings was not requested or required. The Rogerses contend that Gallacher was present at the production meeting to determine who had been

awarded certain projects in order to sell Hiller Company products. However, Johnson testified that Gallacher came into the meeting to settle a personal score.

Gallacher's actions also indicate that his purpose was of a personal nature. Gallacher entered the office shared by Rogers and Johnson and stated that he had a score to settle with Johnson. Gallacher took off his jewelry and put it in a basket on Johnson's desk. Johnson told Gallacher to calm down and that he was busy. Gallacher sat down in a chair.

Johnson and Rogers continued to discuss business while Gallacher interrupted with questions completely unrelated to business. Although Gallacher did inquire about two business projects, the record is clear that the majority of his participation centered on weight lifting and Gold's Gym. At one point, Gallacher got onto the floor, simulated weight lifting, and said he could bench press 400 pounds. Rogers said, "It looks like the weight lifting really helped you maintain your shape throughout the years." Thereafter, Gallacher picked up Rogers' chair, with Rogers in it, and "crashed" it down into Johnson's desk. A struggle ensued and Rogers attempted to extract himself from the situation by calming Gallacher. Gallacher then began to "shadowbox" with Rogers. Rogers decided to leave the office; however, Gallacher picked up Rogers and threw him toward the office door. Rogers' arm went through the glass panel in the door, causing serious injury.

"The question whether or not the servant was at the time acting within the scope of his employment is generally one for the jury; but where, as here, under the evidence submitted on summary judgment no reasonable construction can be drawn except that the servant was not engaged in furtherance of his master's business but was on a private enterprise of his own, the question must be decided by the court as a matter of law." (Citations and punctuation omitted.) *Jones v. Reserve Ins. Co.*, 149 Ga. App. 176, 178 (253 SE2d 849) (1979). Gallacher's assault upon Rogers was not done in the line of his duty or in the prosecution of the Hiller Company's business. The trial court did not err in granting the Hiller Company's motion for summary judgment on the Rogerses' respondeat superior claims.

2. The Rogerses assert that issues of material fact remain as to whether the Hiller Company was negligent in supervising Gallacher. In the Rogerses' complaint, they allege that Gallacher consumed several alcoholic beverages at lunch with Western Waterproofing employees on the date of the altercation, and that the Hiller Company encouraged Gallacher to entertain customers and consume alcohol during business lunches as part of his overall duties as a salesman. However, Kenny Chaffins, corporate treasurer of the Hiller Company, deposed that the employee manual specifically precluded salesmen

from consuming alcoholic beverages with customers. Furthermore, the Rogerses failed to produce any evidence supporting the allegations in their complaint that Gallacher consumed alcohol or that the Hiller Company encouraged such behavior. Therefore, the trial court correctly granted the Hiller Company's motion for summary judgment on the Rogerses' negligent supervision claim.

3. The trial court did not err in granting the Hiller Company's motion for summary judgment on Sheila Rogers' claim for loss of consortium. Loss of consortium claims are derivative rather than direct. As the trial court correctly granted summary judgment on Stuart Rogers' claims, Sheila Rogers' claims were no longer properly supported and the trial court was correct in granting the Hiller Company's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 4, 1994 —
RECONSIDERATION DENIED AUGUST 17, 1994 —

*Savell & Williams, Robert E. Mulholland, Steven R. Thornton,* for appellants.
*D. Jeffrey Grate, Mary P. Vilmos,* for appellee.