## A97A1474. REYNOLDS v. L & L MANAGEMENT, INC.
(492 SE2d 347)

JOHNSON, Judge.

Roderick Mayberry worked at a Burger King restaurant and held the position of "team leader." As team leader, Mayberry was responsible for ensuring "good customer service" and supervising his co-workers. When Robin Reynolds, a customer, complained to a cashier about service in the restaurant and demanded a refund of her money, Mayberry, as team leader, intervened to resolve the complaint. The exchange between Mayberry and Reynolds became heated and ultimately culminated in Mayberry intentionally striking a stack of trays with his fist, causing them to hit Reynolds in the face. Reynolds brought an action against the restaurant's operator, L & L Management, Inc. (hereinafter "L & L"), under theories of respondeat superior and negligent hiring, retention and supervision. The trial court granted L & L's motion for summary judgment. This appeal followed.

1. Reynolds argues that the trial court erred in granting summary judgment to L & L because genuine issues of material fact remain regarding whether Mayberry was acting within the scope of his employment when the alleged assault occurred. We agree and reverse.

The record reveals that after Reynolds ordered and paid for her food, she was asked to wait as several other customers who placed

their orders after her were served. Believing that the employees had decided not to serve her, Reynolds demanded that the cashier refund her money. Mayberry asked Reynolds what the problem was, and she responded that she wanted her money back because she was not being served. The evidence conflicts as to what transpired next.

According to Reynolds' deposition, after she complained to Mayberry about the service she told him: "Give me my money and then I'll leave." Mayberry then called her a "b-tch, and then he started to just curse me in a blue streak and just was hollering." Reynolds looked at his name tag and said: "You're the son of a b-tch who attacked my kid at Chattahoochee High School." Mayberry responded: "I don't have to put up with this sh-t," then swung his fist into a stack of trays situated on the counter. The trays hit Reynolds in the face, injuring her. Reynolds immediately left the restaurant. She never received a refund of her money.

Mayberry deposed that his job as team leader involved attempting to satisfy customers. He first noticed Reynolds because "she was making a commotion about her order. She was complaining." Mayberry went to talk to her because "it was [his] position as team leader" to do so. He said he apologized to Reynolds for the delay and refunded her money. Mayberry then turned and started to walk away, thinking he had resolved the customer's complaint. He had taken "maybe two steps" when Reynolds said: "You're the SOB that broke my son's nose." According to Mayberry, Reynolds began cursing and pointing her finger in his face, at which point he asked her to leave the store, then pounded the trays, said he did not have to "put up with this sh-t," and started walking out. As he walked out, the manager on duty asked him what was wrong, to which Mayberry replied: "Your customer is up there. Go ask her what's wrong." Mayberry agreed with defense counsel's statement that the whole incident started when Reynolds called him "the SOB who broke [her] son's nose." Mayberry admitted that had he not been team leader, he might not have had the conversation and confrontation with Reynolds.

" '[T]he master is liable for the wilful torts of his servant acting in the prosecution and within the scope of the master's business, and this is true even though the servant, at the time of the commission of such tort[,] may evidence anger, malice, or ill will.' " *Rogers v. Fred R. Hiller Co.*, 214 Ga. App. 448 (1) (448 SE2d 46) (1994). A master rarely employs a servant with the expectation that he will commit a negligent or wilful tort, but if the act is done in the prosecution of the master's business, the master will be liable. *Jones v. Aldrich Co.*, 188 Ga. App. 581, 582 (1) (373 SE2d 649) (1988). Inquiry in these cases is directed not to the authority to commit the tort but to authority to accomplish a purpose in pursuance of which a wilful tort is commit-

ted. *Rogers*, supra. The test is whether the tort was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment. If a servant steps aside from his master's business to do an act entirely disconnected from it and injury to another results, the master is not liable. Id. Where the tort is entirely personal to the employee, it is not within the scope of his employment and the employer is not liable. Id.

Viewing the evidence in favor of Reynolds as respondent to Mayberry's motion for summary judgment, and giving her the benefit of every doubt, we cannot say that, *as a matter of law*, Mayberry's assault on Reynolds was a purely personal act. Indeed, there was evidence that the tort was committed within the scope of the actual transaction of the restaurant's business. Mayberry was performing the type of work for which he was hired, attempting to resolve a customer's complaint about the restaurant, when the confrontation between the two started. By Reynolds' account, Mayberry began "hollering" and "cursing" when she complained about the service and demanded a refund. In fact, by Mayberry's own admission, a commotion had begun about the service before Reynolds made any comment about the school incident. Moreover, evidence that Mayberry asked Reynolds to leave the restaurant after she made the comment about her son, that Mayberry said Reynolds was now the manager's customer after he struck the trays, and that Reynolds told Mayberry that she would leave when she got her money back, but did not get the refund before she was assaulted, suggests that Mayberry and Reynolds were still acting as employee/team leader and customer at the time of the incident.

The fact that Mayberry's actions may have been mingled with personal motives or purposes does not automatically entitle L & L to summary judgment, since the presence of a personal motive or purpose in the servant's mind does not affect the master's liability, when the servant's actions are done in the line of his duty and in the prosecution of his master's work. See *Bacon v. News-Press & Gazette Co.*, 188 Ga. App. 703, 704 (373 SE2d 797) (1988). It was at least a jury question as to whether or not there was a deviation and, if so, whether the deviation was so slight as to not affect the master's responsibility for the servant's act. Id. at 704-705.

The cases relied upon by L & L as requiring a contrary result are distinguishable. None of those cases involves the uninterrupted escalation of an argument between a customer and an employee performing one of the duties for which he is employed (i.e., attempting to resolve a customer complaint about the business). See *Worstell Parking v. Aisida*, 212 Ga. App. 605 (442 SE2d 469) (1994); *Slaton v. B & B Gulf Svc. Center*, 178 Ga. App. 701 (344 SE2d 512) (1986); *Lucas v. Hosp. Auth. of Dougherty County*, 193 Ga. App. 595 (388

SE2d 871) (1989); *Mountain v. Southern Bell Tel. &c. Co.*, 205 Ga. App. 119 (421 SE2d 284) (1992). The mere fact that one of the many offending comments made during the heated exchange involved a matter unrelated to the restaurant does not necessarily take the incident out of the scope of the master's business. There being a genuine issue of material fact as to the capacity in which Mayberry was acting at the time of the tort, the question must be resolved by a jury. The trial court erred in granting summary judgment in favor of L & L. *Miller v. Honea*, 163 Ga. App. 421, 422 (294 SE2d 629) (1982).

2. As to Reynolds' claims based on other theories, however, we find no remaining genuine issues of material fact.

(a) L & L is not liable under a ratification theory based on evidence that it retained Reynolds' money. For ratification to occur, the principal must accept and retain the benefits of the unauthorized act. See *Hendrix v. First Nat. Bank of Savannah*, 195 Ga. App. 510, 511 (1) (394 SE2d 134) (1990). The unauthorized act in this case was the assault, not the failure to refund Reynolds' money. L & L did not accept or retain any benefit from the commission of the assault upon Reynolds.

(b) Summary judgment for L & L was also authorized as to Reynolds' negligent hiring and retention claim. Reynolds' assertion that Mayberry was in jail on apparently unrelated charges *after* this incident, a co-worker's testimony *after* the assault that she was afraid to testify on deposition against Mayberry because he might "jump on" her, and Reynolds' general comment on deposition that the restaurant was "one of the worst in Roswell" are not evidence that L & L knew or should have known of Mayberry's alleged violent propensities *before* the assault at issue occurred. See generally *Diaconescu v. Hettler*, 210 Ga. App. 191, 193 (2) (435 SE2d 489) (1993).

(c) No triable issue was presented based on the theory that L & L negligently supervised Mayberry. Reynolds has pointed to no evidence supporting her claim that the assistant manager who was in the kitchen area preparing hamburgers could have prevented the assault at the front counter. The assistant manager deposed that he heard Mayberry apologize to Reynolds about the wait, at which point he heard Reynolds ask Mayberry if he was "the m-f that busted" her son's nose and then fuss at Mayberry. The assistant manager testified that "then when I came around I heard trays." There was no evidence that he should have arrived at the front counter sooner than he did or that had he done so, he could have prevented the assault. Indeed, Reynolds testified that Mayberry's act of hitting the trays was "totally unanticipated," that she "did not expect it" and "did not even have time to react." Summary judgment for L & L was authorized as to this claim.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 29, 1997.

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Peter L. Lublin, Scott H. Michalove,* for appellant.

*Swift, Currie, McGhee & Hiers, Robin F. Clark, L. Bruce Hedrick, Jr.,* for appellee.