A98A0446. ABLEMAN v. TACO BELL CORPORATION.
(501 SE2d 26)

JOHNSON, Judge.

Brian Ableman sued Taco Bell Corporation, Edna Mintz and Jerry Mintz for injuries he sustained during an altercation with Jerry Mintz outside a Taco Bell restaurant. The trial court granted Taco Bell's motion for summary judgment, finding Ableman's injuries were the result of the unforeseeable, criminal act of a third party. Ableman appeals. We affirm.

On April 16, 1994, Ableman and two friends entered a Taco Bell restaurant and ordered food from Edna Mintz, the night manager. Edna Mintz's husband, Jerry Mintz, and another unidentified individual were speaking with Edna Mintz at the counter when Ableman and his friends arrived. The three friends received their food and sat in the restaurant. Subsequently, more friends of Ableman entered Taco Bell with bags of food from other restaurants. Edna Mintz informed Ableman's friends that it was against policy for them to have food from other restaurants in Taco Bell and that they would have to leave. One of Ableman's friends swore at her. At that point, Jerry Mintz and the unidentified individual approached Ableman's table. There is some evidence that they threatened Ableman in order

to make him and his friends leave. However, there is no evidence that Edna Mintz asked Jerry Mintz or his companion for assistance in getting Ableman's friends out of the restaurant.

Although they initially refused to leave the restaurant, Ableman and his friends exited Taco Bell. Edna Mintz remained in the restaurant. A brief oral confrontation occurred outside between Ableman's friends, Jerry Mintz and the unidentified individual. One of Ableman's friends said something "smart" to the unidentified individual, and Ableman said in a loud manner, "everybody f---ing chill out." Within a second or two, Jerry Mintz came around the corner, grabbed Ableman and threw him against a wall. Edna Mintz did not have an opportunity to stop Jerry Mintz after he went after Ableman.

Jerry Mintz and his companion were not employees of Taco Bell. Jerry Mintz subsequently pled guilty to battery, and Edna Mintz pled nolo contendere to obstruction of a law enforcement officer for her failure to identify Jerry Mintz to the police after this incident.

1. Ableman alleged Taco Bell was liable because it failed to keep the premises safe for its invitees (OCGA § 51-3-1) and should have foreseen that Jerry Mintz would injure Ableman. Ableman argues that the trial court erred in granting summary judgment to Taco Bell because genuine issues of material fact remain regarding whether Edna Mintz, Taco Bell's agent, knew of Jerry Mintz's alleged violent propensities and failed to keep the premises safe or warn Ableman that Jerry Mintz posed a danger. We disagree.

The seminal issue is whether Taco Bell or Edna Mintz could have reasonably foreseen the consequences of failing to remove Jerry Mintz from the premises. See *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157, 161 (342 SE2d 468) (1986). The evidence in the case, viewed in the light most favorable to Ableman, demands a finding that Taco Bell and Mintz could not have reasonably foreseen the attack that occurred.

According to Edna Mintz, she had never seen Jerry Mintz physically attack anyone, and to the best of her knowledge, he had never been charged or convicted of any violent crime prior to this incident. The record is devoid of any evidence showing that Jerry Mintz ever committed a violent act upon anyone prior to the incident. Since the evidence is insufficient to put Edna Mintz on notice that Jerry Mintz would commit an act of violence against anyone at the restaurant, Taco Bell cannot be held liable for his violent conduct.

In support of his argument, Ableman asserts that Edna Mintz knew of Jerry Mintz's alleged violent propensities because in May 1994 Edna Mintz reported to police that Jerry Mintz had made verbal threats to her. Ableman also relies on the fact that Edna Mintz did not initially identify Jerry Mintz as one of the men involved because, by her own admission, she was afraid of him. However,

there is no indication that Edna Mintz was afraid of her husband until *after* his altercation with Ableman. While the evidence shows that Jerry Mintz may have verbally threatened Edna Mintz on one occasion in the past, there is no evidence disputing Edna Mintz's affidavit testimony that Jerry Mintz had never actually been physically violent toward her or anyone else prior to this incident. In addition, the fact that Jerry Mintz allegedly made verbal threats to his wife does not constitute knowledge on her part that he would physically attack a third party. Ableman further offers as proof a restraining order which Edna Mintz filed against Jerry Mintz. However, like the written statement, this Petition for Relief Under the Family Violence Act was filed over one month after this incident and does not establish any knowledge by Edna Mintz of Jerry Mintz's violent tendencies prior to or on the date of the incident. See generally *Reynolds v. L & L Mgmt.*, 228 Ga. App. 611, 614 (2) (b) (492 SE2d 347) (1997). The trial court correctly granted summary judgment to Taco Bell.

2. Based on our ruling in Division 1, Ableman's remaining enumerations of error need not be addressed.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MARCH 31, 1998.

*McGarity & Moyer, Bridget G. Moyer*, for appellant.
*Hawkins & Parnell, Stephen M. Brooks, Matthew F. Barr*, for appellee.