### A98A0754. RUCKER v. TROLL BOOK FAIRS, L.L.C.
(501 SE2d 301)

Judge Harold R. Banke.

Lisa Rucker sued Troll Book Fairs, L.L.C. ("Troll") and Suzie DeMarchis for injuries allegedly sustained on Troll's premises and inflicted by DeMarchis, a Troll employee. Rucker appeals the summary judgment awarded to Troll.

This case arose on the day that Rucker's supervisor at Troll, David Carpio, terminated her for excessive absenteeism. Because Rucker wanted to "save face," she asked Carpio to allow her to return

after closing time to retrieve her personal effects. When Rucker returned after business hours, she became embroiled in a verbal confrontation with DeMarchis in the parking lot outside Troll's office. DeMarchis angrily accused Rucker of starting rumors about an alleged sexual affair. Carpio and his administrative assistant, Angela Rivers, witnessed this exchange. According to Carpio, both women had an opportunity to vent and he felt that things "had been settled." At Carpio's request, Rivers agreed to remain and to escort Rucker inside to supervise her departure. After Carpio specifically instructed DeMarchis to go home, DeMarchis drove away. Carpio testified that at the time he left, he "felt very comfortable that things were okay." However, after Carpio drove off, unbeknownst to him, and in direct defiance of his instruction, DeMarchis returned. When Rivers told DeMarchis to leave, she refused to do so. Rivers believed that DeMarchis "wanted the last word." After DeMarchis followed Rucker and Rivers inside the building, a second confrontation occurred during which DeMarchis either knocked a potted plant out of Rucker's hands or pushed it into her. Rucker, then five months pregnant, instituted the underlying action against Troll and DeMarchis. *Held*:

1. Rucker contends that a jury must resolve whether DeMarchis was acting within the scope of her employment when she assaulted and battered her. We disagree. The test of a master's liability for his servant's tort is whether the act was done within the scope of the actual transaction of the master's business for accomplishing ends of his employment. *Rogers v. Fred R. Hiller Co.*, 214 Ga. App. 448 (1) (448 SE2d 46) (1994). "If a servant steps aside from his master's business to do an act entirely disconnected from it, and injury to another results from a doing of the act, the servant may be liable, but the master is not liable. [Cit.] . . . Where the tort of the employee is wholly personal to himself, it is not within the scope of his employment, and the master is not liable." (Citations and punctuation omitted.) *Effort Enterprises v. Crosta*, 194 Ga. App. 666, 668 (391 SE2d 477) (1990); see *Smith v. Myrick*, 205 Ga. App. 339, 340 (422 SE2d 236) (1992).

Here, the record indicates that the confrontation between Rucker and DeMarchis was entirely of a personal nature. DeMarchis had clocked out for the day and her immediate supervisor fully believed that she had exited the premises. DeMarchis' presence in the building after hours was in direct contravention of Troll's explicit instructions. Rucker offered no evidence that DeMarchis' actions were taken in the prosecution of company business or on Troll's behalf. *Jones v. Reserve Ins. Co.*, 149 Ga. App. 176, 178 (2) (253 SE2d 849) (1979). Instead, the alleged assault and battery incident arose from a personal quarrel and latent personal animosity. *Doe v. Village of St. Joseph*, 202 Ga. App. 614, 616 (1) (415 SE2d 56) (1992) (master

is not liable for a purely personal, tortious act disconnected from authorized business). See *Wittig v. Spa Lady &c.*, 182 Ga. App. 689, 690 (356 SE2d 665) (1987).

Finally, the question of whether a servant was acting within the scope of employment can be properly adjudicated on summary judgment where, as here, the evidence and all reasonable inferences from it show that the "servant was not engaged in furtherance of his master's business but was on a private enterprise of his own." *Jones*, 149 Ga. App. at 178 (3). See *Rogers*, 214 Ga. App. at 449 (1).

2. We cannot accept Rucker's claims that Troll knowingly, wantonly, and recklessly exposed her to DeMarchis' attack which Troll had reason to anticipate. The undisputed evidence indicates that DeMarchis had never threatened or assaulted anyone at Troll. Carpio testified that before he left, "it [had] fizzled out." Carpio claimed that he had absolutely no reason to have anticipated that DeMarchis would disobey his order and return to instigate trouble, and no evidence shows otherwise.

3. We must reject Rucker's claim that a fact question exists as to her status as a licensee or invitee. A licensee is "a person who is neither a customer, a servant, nor a trespasser . . . [who] [is] permitted, expressly or impliedly, to go on the premises merely for his own interests, convenience, or gratification." OCGA § 51-3-2. At the time of the incident, Rucker was not a customer, an employee, or a trespasser. By her own admission, Rucker was returning to Troll's premises at her own convenience to accommodate her interest in minimizing her embarrassment at her discharge.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 13, 1998.

*Gray & Hedrick, William E. Gray II, Julia J. Yofee, Natalie N. Hardwick*, for appellant.

*Long, Weinberg, Ansley & Wheeler, James B. Manley, Jr., Joseph W. Watkins, Swift, Currie, McGhee & Hiers, Joel G. Pieper, James D. Nichols, Jr.*, for appellee.