A98A2394. BROWN v. AMF BOWLING CENTERS, INC.
(511 SE2d 619)

POPE, Presiding Judge.

Jennifer Brown appeals the trial court's order granting summary judgment to defendant AMF Bowling Centers, Inc. ("AMF"). Because material issues of fact remain for jury resolution, we reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.,* 226 Ga. App. 459 (1) (486 SE2d 684) (1997). Viewed in this light, the record reveals the following:

On January 1, 1996, Brown was injured when she attempted to stop a bar fight involving her husband and another patron of the defendant, AMF. There is no evidence that Brown instigated the fight; rather, it appears she momentarily joined the affray in an attempt to break it up. AMF's bartender, Jim Horn, also attempted to break up the fight and in doing so injured Brown. According to Brown, Horn came up behind her while she was tugging at her husband's shirt, trying to get him to stop fighting. Horn grabbed Brown by the neck, choking her. In an attempt to break free, Brown bit Horn on the chest. Horn retaliated by throwing Brown to the floor. AMF's manager gave an affidavit stating that Horn had no authority to physically intervene in bar fights.

1. "Except in plain and palpable cases, the question of whether a servant is acting within the scope of his employment is a jury question." *Atlantic Coast Line R. Co. v. Heyward,* 82 Ga. App. 337, 341 (1) (60 SE2d 641) (1950). See *New Madison South, L.P. v. Gardner,* 231 Ga. App. 730, 732-733 (1) (499 SE2d 133) (1998). The test of a master's liability for his servant's tort is whether the act "was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment. If a servant steps aside from his master's business to do an act entirely disconnected from it, and injury to another results from a doing of the act, the servant may be liable, but the master is not liable. Where the tort of the employee

is wholly personal to himself, it is not within the scope of his employment, and the master is not liable." (Citations, punctuation and emphasis omitted.) *Rogers v. Fred R. Hiller Co. of Ga.*, 214 Ga. App. 448 (1) (448 SE2d 46) (1994); *Rucker v. Troll Book Fairs*, 232 Ga. App. 189, 190 (1) (501 SE2d 301) (1998).

AMF argues that because Horn was not authorized to intervene in physical altercations with AMF's patrons, his actions fell outside the scope of his employment. We do not agree. Whether a specific act was authorized has never been the test of liability. In fact, "it makes no difference that the master did not authorize [a particular act], or even know of the servant's act or neglect, or even if he disapproved or forbade it, he is equally liable, if the act be done in the course of his servant's employment." (Citation and punctuation omitted.) *Crawford v. Johnson*, 227 Ga. App. 548, 553 (2) (c) (489 SE2d 552) (1997). Here, a jury could infer that Horn's act of keeping the peace in a bar falls within the class of activities an employer expects a bartender to perform. See, e.g., *New Madison South, L.P. v. Gardner*, 231 Ga. App. 732 (1); *Bacon v. News-Press & Gazette Co.*, 188 Ga. App. 703, 704 (373 SE2d 797) (1988); *Evans v. Caldwell*, 52 Ga. App. 475, 478 (2) (184 SE 440) (1936). And, since AMF has not produced any evidence which establishes, as a matter of law, that Horn's actions fell outside the class of activities its bartenders perform generally, a jury issue remains. See, e.g., id.

Further, there is no evidence that Horn joined the fight out of personal animosity toward Brown. Although Horn did retaliate forcefully against Brown when she bit him, we cannot say his act, as a matter of law, was a wholly personal one. "The fact that [Horn's] actions may have been mingled with personal motives or purposes does not automatically entitle [AMF] to summary judgment, since the presence of a personal motive or purpose in the servant's mind does not affect the master's liability, when the servant's actions are done in the line of his duty and in the prosecution of his master's work." *Reynolds v. L & L Mgmt.*, 228 Ga. App. 611, 613 (1) (492 SE2d 347) (1997).

2. AMF, citing *Sailors v. Esmail Intl.*, 217 Ga. App. 811, 812-813 (1) (459 SE2d 465) (1995), also argues that it is entitled to summary judgment because Brown's voluntary intervention in the fight "precluded a finding of superior knowledge on the part of [plaintiff] of the danger she encountered and constituted assumption of the risk as a matter of law." However, *Sailors* and the other cases cited by AMF in support of its argument are inapplicable because they are third-party criminal act premises liability cases in which the landlord was relieved of liability because the plaintiff was engaged in mutual combat with a third person whose criminal act caused his or her injury. Liability in this case is predicated on a theory of respondeat superior,

not superior knowledge. Moreover, the evidence does not establish, as a matter of law, that Brown was injured as the result of mutual combat with a third person.

Because material issues of fact remain for jury resolution, the trial court erred in granting summary judgment.

*Judgment reversed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 5, 1999.

*Charles W. Wrinkle*, for appellant.
*Long, Weinberg, Ansley & Wheeler, John C. Bonnie*, for appellee.