A00A2289. RENT TO OWN, INC. v. BRAGG.
(546 SE2d 9)

RUFFIN, Judge.

Danny Ray Bragg sued Rent to Own, Inc. for malicious prosecution, alleging that the company is vicariously liable for the torts of its employee, Mark Smith, in causing Bragg to be falsely arrested and imprisoned. The trial court granted Bragg partial summary judgment, finding "as matter of law that [Smith] was acting within the course and scope of his employment with Rent to Own, Inc. at the time he swore out the arrest warrant against [Bragg]." Rent to Own appeals that decision, and for reasons that follow, we affirm.

1. On appeal, we review the trial court's grant of summary judgment de novo to determine whether the evidence of record, viewed in the light most favorable to the nonmoving party, demonstrates any genuine issue of material fact.[1]

Viewed in a light most favorable to Rent to Own, the evidence shows that the company rents and sells furniture and appliances. Rent to Own operates six stores in Georgia, each of which is supervised by a manager. In April 1996, Smith managed Rent to Own's store in Austell.

On April 6, 1996, Bragg and his girlfriend, JoAnna Suggs, went to Rent to Own's Austell store to rent a washer and dryer. Because Bragg was new to the area, Rent to Own would not rent the appliances to him. Accordingly, Suggs entered the rental agreement in her name, and when Rent to Own delivered the washer and dryer, she signed for the delivery. Later that month, Bragg and Suggs broke up, and Bragg moved to Texas.

It appears that after Bragg left town, Suggs made no payments for the washer and dryer and did not return the washer and dryer to Rent to Own. Thus, a Rent to Own vice president directed Smith to

[1] See OCGA § 9-11-56 (c); *Leal v. Hobbs,* 245 Ga. App. 443 (538 SE2d 89) (2000).

swear out an arrest warrant against Suggs. Instead, Smith swore out an affidavit for Bragg's arrest. Smith explained, in an affidavit for this case, that he had no personal reason to have Bragg arrested. Smith further stated:

> I do not remember taking a warrant for Danny Bragg[,] but while I was manager I took several warrants for people. . . . I was not allowed to choose a person to take a warrant for. . . . Scott Harvey, the V.P. of operations, always told me who to take the warrant for. He would have had to tell me to take a warrant for Danny Bragg.

Fourteen months later, after Bragg had returned to Georgia, he was arrested on the warrant for theft by conversion. The charge was eventually dismissed due to insufficient evidence, and Smith subsequently filed the instant action.

Rent to Own contends that, because its vice president instructed Smith to have Suggs arrested, he was acting outside the scope of his employment by having Bragg arrested and that the trial court therefore erred in granting partial summary judgment to Bragg on this issue.

This matter is generally governed by OCGA § 51-2-2, which provides that a master is liable for the torts committed by his servant "in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." The question is not whether the master authorized the servant to commit the tort, but whether the servant was authorized "to accomplish a purpose in pursuance of which a wilful tort is committed. The test is whether the tort was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment."[2] Whether a servant is acting within the scope of his employment is usually a jury question, but may be decided by the court as a matter of law in plain and palpable cases.[3] This is such a case.

It is undisputed that, when Smith swore out the affidavit for arrest, he was the manager of Rent to Own. It is also undisputed that, as manager, he was authorized by the company to swear out an arrest warrant for conversion of the washer and dryer. The fact that Smith disobeyed, ignored, or misunderstood his vice president's instructions to have Suggs arrested rather than Bragg is unfortunate, but irrelevant for our inquiry.[4] There is absolutely no evidence

---

[2] (Citation omitted.) *Reynolds v. L & L Mgmt.*, 228 Ga. App. 611, 612-613 (1) (492 SE2d 347) (1997).

[3] See *Brown v. AMF Bowling Centers*, 236 Ga. App. 277 (1) (511 SE2d 619) (1999).

[4] See id. at 278.

that Smith had Bragg arrested for personal reasons. Instead, the undisputed evidence shows that Smith swore out the affidavit for arrest against Bragg for the sole reason that he thought he was instructed to do so by his employer. Under these circumstances, it makes no difference that Rent to Own was unaware that Smith had the wrong person arrested, that Rent to Own did not authorize Smith's action, or even that Rent to Own disapproved or forbade it.[5] Again, the issue is whether Smith was acting "within the scope of the actual transaction of [Rent to Own's] business for accomplishing the ends of his employment,"[6] and the undisputed evidence shows that he was. Accordingly, the trial court did not err in granting partial summary judgment to Bragg on this issue.

2. Bragg's motion for frivolous appeal damages is denied.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 19, 2001.

*William P. Tinkler, Jr., Wayne E. Brooks, Jr.,* for appellant.
*Jack E. Dodd,* for appellee.

---

[5] See id.; see also *Evans v. Caldwell,* 52 Ga. App. 475, hn. 2 (184 SE 440) (1935) (physical precedent only) (discussing numerous authorities which provide that master is liable for acts of servant even if servant disobeyed master's instructions).

[6] (Citation omitted.) *Reynolds,* supra at 613.