A02A1342. BRAGG v. RENT TO OWN, INC.
(570 SE2d 671)

BARNES, Judge.

Danny Ray Bragg sued Rent to Own, Inc. alleging malicious prosecution and intentional infliction of emotional distress. Both parties filed motions for summary judgment. The trial court granted partial summary judgment to Bragg, finding that Michael Smith, the employee who swore out an arrest warrant for Bragg, was "acting within the course and scope of his employment with Rent to Own, Inc. at the time he swore out the arrest warrant." We affirmed this order in *Rent to Own v. Bragg*, 248 Ga. App. 130 (546 SE2d 9) (2001), finding that the undisputed evidence shows that Smith was acting within the scope of the actual transaction of Rent to Own's business for accomplishing the ends of his employment. Id. at 132.

The remaining issues proceeded to trial, and following the close

---

of Bragg's evidence, the trial court granted Rent to Own's motion for directed verdict. Bragg now appeals, contending that the trial court's earlier order granting partial summary judgment found that the arrest warrant was taken out by Rent to Own and that this finding prevented the trial court from reaching a different conclusion in its directed verdict. He also maintains that, since the partial grant of summary judgment was affirmed by this Court, the trial court also erred in not complying with OCGA § 5-6-10. We disagree and affirm.

1. We note at the outset that the record does not include a trial transcript. Although Bragg attempts to argue that there was no reason to include the trial transcript, we do not agree. As the appellant, Bragg has the responsibility "to provide this Court with a record from which we can ascertain whether the trial court correctly ruled upon [the motion for a directed verdict], and mere assertions of error in [his] brief do not suffice." *Galloway v. Linnell*, 242 Ga. App. 221-222 (1) (529 SE2d 226) (2000).

2. A trial court should grant a motion for directed verdict "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." OCGA § 9-11-50 (a). We must affirm the trial court's decision if there is any evidence to support it, *Hendon v. Superior Roofing Co.*, 242 Ga. App. 307, 308 (1) (528 SE2d 548) (2000), and in the absence of a trial transcript, we must assume the evidence authorized the verdict. *Little v. Paco Collection Svcs.*, 156 Ga. App. 175, 176 (1) (274 SE2d 147) (1980).

We do not agree with Bragg's contention that the trial court's earlier grant of summary judgment on the agency issue conclusively decided whether Rent to Own took out an arrest warrant for him. Although a trial court "cannot decide to disregard the opinions of this court[,] [cits.]," *Eastgate Assoc. v. Piggly Wiggly Southern*, 200 Ga. App. 872, 873 (1) (410 SE2d 129) (1991), the rulings of this Court are not binding on the trial court in subsequent proceedings when the evidentiary posture has changed. OCGA § 9-11-60 (h); see *Eastgate Assoc. v. Piggly Wiggly Southern*, supra, 200 Ga. App. at 875.

Here, the order granting a directed verdict in favor of Rent to Own found "that there is no evidence that the defendant did anything to cause the issuance of the warrant or the initiation of the prosecution; and therefore, there is no issue of fact to be decided by the jury and that a verdict in favor of the defendant is demanded." As this result is significantly different from the trial court's grant of partial summary judgment to Bragg on virtually the same issue, which we affirmed, the grant of the directed verdict can only be sustained if the evidentiary posture of the case changed.

Because Bragg did not include a trial transcript in the record on appeal, however, we cannot consider whether the evidence presented

warranted this different result. "In the absence of a sufficient record, we must assume that the trial court's ruling was proper." (Footnote omitted.) *Galloway v. Linnell*, supra, 242 Ga. App. at 222 (1); *Little v. Paco Collection Svcs.*, supra, 156 Ga. App. at 176. Therefore, we cannot reverse the grant of the directed verdict.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 30, 2002.

*Jack E. Dodd*, for appellant.
*William P. Tinkler, Jr.*, for appellee.