A03A1203. MUNROE v. UNIVERSAL HEALTH SERVICES, INC.
(605 SE2d 928)

ANDREWS, Presiding Judge.

By order of November 18, 2003, this case was transferred to the Supreme Court pursuant to Art. VI, Sec. V, Par. V of the Constitution of the State of Georgia, there being an equal division of the Judges of this Court in Division 1 of our proposed opinion.

The Supreme Court having ruled in *Munroe v. Universal Health Services,* 277 Ga. 861 (596 SE2d 604) (2004), regarding this division of the Judges of this Court, Divisions 1 and 2 of that opinion are hereby made the opinion of this Court.

Pursuant to the third division of the Supreme Court's opinion, returning the remaining issues to this Court, Divisions 2 and 3 of our proposed opinion are hereby renumbered Divisions 3 and 4 and are set out below.

. . .

3. Munroe also contends that jury questions exist regarding whether Anchor is liable for Love's act of sexual assault under respondeat superior.

---

The test of a master's liability for his servant's tort is whether the act

> was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment. If a servant steps aside from his master's business to do an act entirely disconnected from it, and injury to another results from a doing of the act, the servant may be liable, but the master is not liable. Where the tort of the employee is wholly personal to himself, it is not within the scope of his employment, and the master is not liable.

(Citations, punctuation and emphasis omitted.) *Rogers v. Fred R. Hiller Co. of Ga.*, 214 Ga. App. 448 (1) (448 SE2d 46) (1994); *Rucker v. Troll Book Fairs*, 232 Ga. App. 189, 190 (1) (501 SE2d 301) (1998).

Munroe's argument on this issue, based on *Palladino v. Piedmont Hosp.*, 254 Ga. App. 102 (561 SE2d 235) (2002), was recently rejected by the Supreme Court in its reversal of that case. *Piedmont Hosp. v. Palladino*, 276 Ga. 612 (580 SE2d 215) (2003). There, the Supreme Court found that sexual manipulation of a patient's genitals by an employee who was authorized to check an incision in this area was done purely for personal reasons of the employee and Piedmont was entitled to summary judgment on this issue.

There was no error in the trial court's grant of summary judgment to Anchor on this basis.

4. Munroe also argues here that Anchor was responsible under OCGA § 51-3-1. A review of the record, however, reveals that this argument was neither presented to nor ruled upon by the trial court.

Accordingly, we cannot consider this argument for the first time on appeal. "We are limited to considering only those grounds raised and ruled on below by the trial court and may not consider a basis for appeal not presented at [the trial level]. [Cit.]" *Ramsay v. State*, 220 Ga. App. 618, 623-624 (469 SE2d 814) (1996).

*Judgment affirmed. Smith, C. J., Johnson, P. J., Blackburn, P. J., Ruffin, P. J., Eldridge, Barnes, Miller, Ellington, Phipps, Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 3, 2004.

*Hertz, Link & Smith, Eric J. Hertz, Mark D. Link, Houston D. Smith III*, for appellant.

*Nall & Miller, Michael D. Hostetter, Adriane C. Sammons, Christine M. Stadler, Omar R. Zamora*, for appellee.